UNITED STATES of America

v.

Marco DOMINCIO, a/k/a "William Junior Consentino", a/k/a "William Junior Cosentino", Defendant.

Crim. No. 90–62–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

June 25, 1991.

Nunc Pro Tunc June 5, 1991.

Laura M. Everhart, Asst. U.S. Atty., U.S. Dist. Court, Norfolk, Va., for U.S.

James S. Ellenson, Newport News, Va., for defendant.

MEMORANDUM OPINION
AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's objection to the amount of restitution listed in defendant's presentence report. On March 26, 1991, defendant pleaded guilty to one count of an eleven-count indictment. The indictment charged defendant with two schemes to defraud and to obtain money, by means of false and fraudulent pretenses, from two separate car dealerships, in violation of 18 U.S.C. §§ 1343 and 2. Counts one through six pertain to the scheme to defraud Courtesy Honda ("Courtesy"), and counts seven through eleven relate to the scheme to defraud Marty Sussman Organization ("Sussman").

■ Although the count to which defendant pleaded guilty pertains to only the Courtesy scheme, the plea agreement stated that "[t]he defendant may also be ordered to make restitution to Courtesy Honda of Morrow, Georgia and Marty Sussman Organization of New Jersey." Defendant objects to the restitution figure listed in the presentence report because it includes restitution to Sussman.

Defendant argues that, pursuant to *Hughey v. United States*, — U.S. —, 110 S.Ct.1979, 109 L.Ed.2d 408 (1990), "restitution [can be ordered] only for the loss caused by the specific conduct that is the basis of the offense of conviction." 110 S.Ct. at 1981. However, *Hughey* is distinguishable from the case at bar in two important ways.

First, unlike defendant's plea agreement, which specifically allows for restitution to both victims, Hughey's plea agreement apparently did not include such an agreement. During the plea proceeding, Hughey's counsel "informed the court ... that petitioner's plea was confined to the allegations in count four [the count to which he was pleading guilty] and that petitioner did 'not mak[e] admissions to anything other than the facts pertaining to count four.'" *Id.* (citation omitted). In *Hughey*, the Supreme Court did not address the issue of whether restitution could be awarded in accordance with the plea agreement, if that agreement included restitution for losses caused by conduct unrelated to the offense of conviction.

Second, the law authorizing the award of restitution has changed since *Hughey* was decided on May 21, 1990. The holding in *Hughey* was based on the language of 18 U.S.C. §§ 3579 and 3580, the restitution provisions of the Victim and Witness Protection Act of 1982, which were in effect in April, 1987, when Hughey was sentenced.

These provisions were recodified pursuant to the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat.1987 (effective Nov. 1, 1987), and became 18 U.S.C. §§ 3663 and 3664, respectively. On October 27, 1990, over five months after *Hughey* was decided, the Crime Control Act of 1990 was introduced and passed in both the Senate and the House of Representatives.[1] Section 2509 of that legislation amended 18 U.S.C. § 3663(a) by adding subsection (a)(3) which reads: "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

■ Although it is legally appropriate to order restitution according to the plea agreement, restitution can only be ordered for the amount of loss sustained by a victim. 18 U.S.C. § 3664. For the reasons stated from the bench this date, the court FINDS that Sussman has not suffered any real loss;[2] therefore, the objection to an award of restitution to Sussman is SUSTAINED, but only for this reason.

IT IS SO ORDERED.

---

1. Crime Control Act of 1990, Pub.L. No. 101–647, 104 Stat. 4789 (effective Nov. 29, 1990).

2. Defendant lent the money received in the Sussman scheme to his business partner, who had nothing to do with the fraud, so that the partner and his wife could buy a home. Defendant originally held the deed of trust and promissory note on the home, but transferred them to Sussman in early 1989. Since that time, the partner has been making the mortgage payments directly to Sussman. If the partner were to default on the note, Sussman could take proper legal recourse based on the commercial papers.